IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC WHITEBREAD,<br><br>Defendant. | Case No. 4:16-cr-00005-RRB<br><br>**ORDER DENYING § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br>**(Dockets 309 & 339)** |

Before the Court at Dockets 309 and 339 is Defendant, Eric Whitebread, with a *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Custody*. The motion is opposed.[1] The issues have been fully briefed and an evidentiary hearing was held in this matter on May 8, 2023. Thereafter, Defendant filed his closing argument at Docket 367 and the Government filed its closing argument at Docket 368. Defendant replied at Dockets 369 and 370, and the Government responded at Docket 373.

## I. BACKGROUND

In early 2016, a federal grand jury indicted Defendant on four counts of child pornography offenses.[2] Defendant pleaded not guilty to the charges.[3] His first trial, which

---

[1] Docket 346 (Opposition); Docket 349 (Reply).
[2] Docket 2 (Indictment).
[3] Docket 7 (Minute Entry).

took place in October 2017, ended in a mistrial after the jury was unable to reach a verdict.[4] The Government re-tried Defendant in June 2018, and the jury found him guilty of three of the four counts: two counts of distributing child pornography and one count of receiving child pornography.[5] The Court sentenced him to 180 months in prison.[6] The U.S. Court of Appeals for the Ninth Circuit affirmed Defendant's conviction on direct appeal.[7]

On November 22, 2021, Defendant, proceeding *pro se*, filed the present motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[8] After the Court appointed counsel to represent Defendant for the purposes of the motion,[9] his counsel filed an amended § 2255 motion.[10] The Government filed a memorandum in opposition,[11] and Defendant filed a reply.[12]

---

[4] Docket 109 (Minute Entry).
[5] Docket 171 (Jury Verdicts).
[6] Docket 301 (Amend. Judgment); *see also* Docket 236 (Original Judgment). Defendant's original sentence was vacated on appeal by the Ninth Circuit on the ground that the Court had erred by imposing a two-level sentence enhancement for obstruction of justice without first making sufficient factual findings. *See* Docket 254 (Court of Appeals Memorandum Opinion), *also available at United States v. Whitebread*, 817 F. App'x 372 (9th Cir. 2020). Per the Ninth Circuit's order, the Court resentenced Defendant in 2021. Docket 307 (Amend. Minute Entry—text entry). Defendant's two sentences substantially were identical. *Compare* Docket 301 *with* Docket 236.
[7] *Whitebread*, 817 F. App'x at 373–74. Defendant filed a second notice of appeal after being resentenced in 2021, but he later voluntarily dismissed it. *See* Docket 308.
[8] Docket 309.
[9] Docket 313.
[10] Docket 339.
[11] Docket 346.
[12] Docket 349.

## II. LEGAL STANDARDS

### A. Legal Standard

A defendant asserting a claim of ineffective assistance of counsel must satisfy the two-pronged test the U.S. Supreme Court set out in *Strickland v. Washington*.[13] Under that test, a defendant must show (1) that counsel's performance was deficient, and (2) that counsel's deficient performance was prejudicial to the defense.[14]

To establish deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness."[15] The question for the court is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[16] "Judicial scrutiny of counsel's performance must be highly deferential," and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[17]

The second *Strickland* prong, prejudice to the defense, "focuses on . . . whether counsel's deficient performance renders the result of . . . the proceeding fundamentally unfair."[18] A defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in

---

[13] 466 U.S. 668, 687–96 (1984).
[14] *Id.* at 694.
[15] *Id.*
[16] *Id.* at 690.
[17] *Id.* at 689.
[18] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

United States v. Whitebread　　　　　　　　　　　　　　　　　　　　　　　　Case No. 4:16-cr-00005-RRB
Order on § 2255 Motion to Vacate Sentence　　　　　　　　　　　　　　　　　　　　　　Page 3
Case 4:16-cr-00005-RRB　　Document 374　　Filed 07/11/23　　Page 3 of 10

the outcome."[19]  This standard requires more than asserting that an error theoretically could have had some effect on the outcome, though it does not require a preponderance of the evidence.[20]

Ultimately, a defendant must prove both deficient performance and the resulting prejudice to establish ineffective assistance of counsel.[21]  Courts need not inquire whether counsel's performance was deficient if the alleged deficiency could not have resulted in prejudice under *Strickland*.[22]

### III. DISCUSSION

### A. Ground 1—Failure to Hire Expert to Examine Seized Electronics

Defendant first asserts, and argues throughout, that trial counsel, Scott Dattan, provided ineffective assistance of counsel by failing to hire an expert to independently analyze Defendant's MacBook laptop, which the Government seized in its investigation and used as evidence at Defendant's trial.  Defendant asserts that by deciding not to hire an expert to examine Defendant's laptop, Dattan conceded the Government's accusation that Defendant had distributed and received child pornography, leaving whether Defendant had done so "knowingly" as his only viable defense.  Defendant asserts that "[t]he choice to not hire an expert to examine what could not be known by trial counsel

---

[19] *Strickland*, 466 U.S. at 694.
[20] *Duncan v. Ornoski*, 528 F.3d 1222, 1246 (9th Cir. 2008).
[21] *Pizzuto v. Arave*, 280 F.3d 949, 954 (9th Cir. 2002).
[22] *See id.* at 954–55 (second and third alterations in original) (quoting *Strickland*, 466 U.S. at 697) ("Because [the petitioner] must prove both deficient performance and prejudice, we 'need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'").

*United States v. Whitebread*  Case No. 4:16-cr-00005-RRB
Order on § 2255 Motion to Vacate Sentence  Page 4
Case 4:16-cr-00005-RRB   Document 374   Filed 07/11/23   Page 4 of 10

[*i.e.*, the precise details of the contents of the laptop's hard drive] . . . is not an approach competent counsel would have made."[23]

Defendant points to the conclusions of a forensic computer expert he hired to analyze his MacBook laptop as evidence that potentially could have exculpated him of the charges of distributing child pornography. The expert concluded that the MacBook's BitTorrent program had only downloaded portions of the charged child pornography files, that the program was configured for remote access by other devices, that the program was configured to prioritize bandwidth for downloading instead of uploading, and that the charged files were not found on the MacBook when it was seized. As evidence that potentially could have exculpated him of his charge of receiving child pornography, Defendant points to his expert's conclusions that the child pornography files were downloaded *en masse* from eleven individual torrents and that only four of the video files were briefly viewed.[24] Defendant asserts that his expert's report "reveals a viable defense to the charges that trial counsel could have, and should have, known existed prior to trial."[25]

The Government responds that Defense Counsel's decision not to utilize an expert to examine the electronic and digital devices in this case was neither deficient nor prejudicial, and argues that Defendant certainly did not concede that he possessed or transported child pornography. The Government highlights the actions attorney Dattan took in preparation for trial and in seeking advice as to how to cross-examine Government

---

[23] Docket 339 at 11–12.
[24] Docket 339 at 13–18 (citing Docket 338-2 (Report of Michele Bush)).
[25] Docket 339 at 13.

*United States v. Whitebread*                                                        Case No. 4:16-cr-00005-RRB
Order on § 2255 Motion to Vacate Sentence                              Page 5
Case 4:16-cr-00005-RRB     Document 374     Filed 07/11/23     Page 5 of 10

experts, noting multiple discussions between Dattan and his expert, Sean Eagan, regarding the technologies in the case and peer to peer communications through the BitTorrent protocol. The Government further argues that Dattan clearly incorporated the remote access theory into his defense and elicited favorable testimony from the Government's expert concerning the possibility that the images in question could have been remotely placed, which Dattan clearly argued in his closing argument.

With regard to the expert testimony of Defendant's expert, Michelle Bush, at the May 8, 2023 evidentiary hearing, the Government argues that although Bush addressed the possibility of remote access to the Vuze program on Defendant's computer, she could not say whether such access actually occurred in this case, nor could Defendant's expert contradict Special Agent Steeves' extensive trial testimony regarding the child pornography accessed and playable on Defendant's MacBook computer.[26] Nor did Bush contradict the Government's expert, Special Daryl Alison, who identified over 600 images or video depicting minors engaged in sexually explicit conduct on Defendant's computer.[27] And, while Bush noted that there was no evidence that the BitTorrent files were on the computer when seized by the FBI, Bush also acknowledged that there was no evidence that they were not on the computer on the dates discovered by the FBI or on the dates charged and agreed with Government experts that contraband files can be easily deleted.

As indicated by the Government, the testimony of Defendant's expert at the May 8, 2023, evidentiary hearing was generally consistent with the testimony provided by

---

[26] Docket 199 at 24–133.
[27] *Id.* at 212–15.

the Government's expert, who acknowledged the possibility of remote access to Defendant's computer but who saw no proof of such, thus leaving that question for the jury. Consequently, the Court cannot conclude that attorney Dattan, who was very familiar with the issues in the case and the demeanor of the experts, was deficient in his decision to not further utilize his retained expert, or that this decision under the circumstances was outside the wide range of professionally competent assistance required by *Strickland*. This is especially so considering the "highly deferential" nature of the scrutiny given to counsel's performance.

Importantly, the Court cannot conclude that expert Bush's proposed trial testimony would have overcome the Government's expert's testimony or overcome all the other incriminating evidence produced at trial. Nor would testimony from Defendant's proposed expert have likely led to a different result. In this regard, it must be noted that Defendant's testimony, and that of his wife, was not credible, something clearly observable to the jury. Moreover, given the evidence regarding the time the child pornography was accessed, the location of the parties at those times, and the unlikely possibility of either remote access to Defendant's password protected computer by someone outside the home, or by stealth access by a visitor to the home while Defendant was present, it is easy to understand the verdict reached. Further, as noted by the United States Court of Appeals in its memorandum filed June 9, 2020, at Docket 254, the Government presented sufficient evidence for a rational fact-finder to infer that Defendant knew [that] Vuze was a file-sharing program that allowed others to upload files from his folder and had several

customized settings indicating his "technical knowledge and familiarity" with Vuze's functionality. None of this was rebutted by Defendant's expert.

For Defendant's remote access argument to prevail, the jury would have to overlook evidence that the child pornography was accessed on Defendant's password protected computer, only while Defendant's wife was at work, only when Defendant was at home, and never when Defendant was away from home or out of town. Or, alternatively, the jury would have to conclude that some unknown person entered the home on numerous occasions while Defendant was there and surreptitiously accessed the child pornography on Defendant's password protected computer. This is basically what both Defendant and his wife suggested at trial, but which was clearly rejected by the jury. So, while the Court understands Defendant's argument regarding the lack of a computer expert at trial, much of which would have been cumulative, the Court cannot find, after considering all the relevant evidence, that Defendant's defense was prejudiced thereby, or that the failure to further utilize an expert had a substantial and injurious effect or influence in determining the jury's verdict. Therefore, Defendant cannot prevail on **Ground One** of this motion.

**B.    Ground 2—Failure to Invoke Marital Communications Privilege to Prevent Testimony of Marital Sexual Details**

Defendant next argues that trial counsel was ineffective in not timely objecting to portions of Mrs. Whitebread's testimony relating to the master-servant relationship between her and Defendant. Defendant alleges that the testimony was irrelevant and was prejudicial. The Government responds, however, that the testimony was

*United States v. Whitebread*                                                                 Case No. 4:16-cr-00005-RRB
Order on § 2255 Motion to Vacate Sentence                                                     Page 8
Case 4:16-cr-00005-RRB    Document 374    Filed 07/11/23    Page 8 of 10

both relevant and probative in identifying who was the owner of the "Master" account in question and was proper cross-examination to establish bias.

Here, it must be noted that Defendant called his wife as a witness to establish the possibility that the computers in question were remotely accessed and to rebut the Government's claims that it was Defendant who was accessing the child pornography on his computer. Her credibility, therefore, became critical and was properly the subject of cross examination. Although Mrs. Whitebread testified that this control was limited to sexual matters, the Government sought to establish Defendant's control over his wife in all aspects of their life and that it was Defendant who was controlling his wife's testimony at trial. The Court permitted the Government to address the control and lifestyle issues, but cautioned the Government to stay away from the sexual details, which the Government did.

It is clear from a review of the trial transcript that the Court was willing to permit the aforesaid cross-examination. Consequently, attorney Dattan's failure to object earlier was harmless. While this line of questioning was uncomfortable, its probative value outweighed any prejudice. Moreover, given the great weight of evidence against Defendant, this one issue did not have a substantial and injurious effect or influence in determining the jury's verdict. Therefore, Defendant cannot prevail on **Ground 2** of this motion.

## IV. CONCLUSION

For the foregoing reasons, as well as for the reasons argued by the Government, the Court hereby concludes that attorney Dattan's representation of

*United States v. Whitebread*  Case No. 4:16-cr-00005-RRB
Order on § 2255 Motion to Vacate Sentence  Page 9
Case 4:16-cr-00005-RRB   Document 374   Filed 07/11/23   Page 9 of 10

Defendant as to **Ground One** and **Ground Two** of Defendant's complaint was not ineffective and did not lead to an unjust or unfair verdict.

Therefore, the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Peron in Custody is hereby DENIED.

## IV. CERTIFICATE OF APPEALABILITY

Based on its analysis of Defendant's claims, the Court concludes that Defendant has not made a substantial showing of the denial of a constitutional right. In the Court's view, reasonable jurists cold not disagree with the resolution of this matter, nor could they conclude that the issues raised "are adequate to deserve encouragement to proceed further."[28] Therefore, a Certificate of Appealability will not issue.

IT IS SO ORDERED this 11th day of July, at Anchorage, Alaska.

                                                */s/ Ralph R. Beistline*
                                                RALPH R. BEISTLINE
                                        Senior United States District Judge

---

[28] *Buck v. Davis*, 137 S. Ct. 759, 773 (2017).

*United States v. Whitebread*                                                                Case No. 4:16-cr-00005-RRB
Order on § 2255 Motion to Vacate Sentence                                      Page 10
Case 4:16-cr-00005-RRB    Document 374    Filed 07/11/23    Page 10 of 10